FROst, J.
delivered the opinion of the Court.
The only question pretended by the appeal, is whether the appellant, a commissioned officer in the Palmetto Regiment, which volunteered its services to the President of the United States, for the prosecution of the Mexican war, is exempt from arrest under an execution for debt.
The laws of the State, and the jurisdiction of the superior Courts, operate on every citizen ; and he who claims exemption from their force and authority, must show the special grant of the privilege. The Act of the Legislature for regulating the militia, passed in 1841, which is relied on in the first ground of appeal, does not confer it. By the 148th section, the Governor is authorized to order out any portion of the militia of this State, in case of invasion or other emergency, when he shall judge necessary; and also on the application of the Executive of any State, or in case of an invasion or insurrection, or apprehension of invasion in such State. The 150th section declares that the service of civil process, unless for treason, felony and breach of the peace, on any person who shall be called into service, and embodied by the Executive authority of this State, and in pursuance of the provisions of that Act, shall be void. The Palmetto Regiment was not a part of the organized militia, nor called into service by the Executive authority of this State, under the provisions of this Act. The persons who composed the regiment, tendered their services to the President of the United States; who was authorized to call for volunteers, by an Act of Congress providing for the prosecution of the war against the republic of Mexico. The 4th section of the Act provides that the volunteers, when called into actual service, and while remaining therein, shall be subject to the rules and articles of war; and shall be in all respects, (except as to clothing and pay,) placed on the same footing with similar corps of the United States army. The Act of Congress exempts, during their term of service, from personal arrest for any debt or de *212 mand, all non commissioned officers, artificers, privates and musicians who are or shall be enlisted ; and the non-commissioned officers, artificers, privates and musicians of the militia or other corps who may, at anytime, be in the actual service of the United States. No law has been found winch protects commissioned officers from liability to arrest for debts or contracts. The reason for the disiinction is very manifest in the regular army. The service of ihe officer is optional and honorary. It confers distinction, and is compensated by a liberal allowance to maintain the position in society which his rank in the army confers. The privates, &c. are enlisted for a certain period, and are held to the terms of their enlistment, under severe corporal penalties.— Among them it is necessary to maintain discipline by painful constraint and severe penalties. If, by the easy expedient of an arrest for debt, they could evade service, the ranks of the army would be continually reduced. The penalties for a violation of the rules and regulations for their government, would, by thi® means, be readily eluded, and discipline defeated. These reasons for a distinction between officers and privates, &c. may not apply with equal force to the volunteer service: but wherein they do not apply, the argumeut is in favor of not exempting the privates; not of exempting the officers. However this may be, no law has been found which exempts an officer iu the volunteer service, from arrest; and the motion is refused.
Richahdson, J. — O’Neall, J. — Evans, J. — and Withers. J. — concurred.

Motion refused.